J. N. MOORE v. CALDWELL COUNTY, NORTH CAROLINA; HUGH A. DOBBINS, CHAIRMAN, C. G. MOORE AND R. S. WEBB, BEING AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS THEREOF.

(Filed 31 October, 1934.)

Controversy Without Action A a—Proceeding in this case held not to come within provisions of C. S., 626, and proceeding is dismissed.

Where it appears that an action is instituted solely to obtain the advice and opinion of the Court as to the validity of a proposed county bond issue upon facts agreed, and that the interest of both parties is the same and there is no "question of difference" between them, the proceeding will be dismissed in the Supreme Court for want of jurisdiction of the Superior Court to enter the judgment appealed from. C. S., 626.

APPEAL by the plaintiff from *Harding, J.,* at August Term, 1934, of CALDWELL. Proceeding dismissed.

The purpose of this proceeding is to ascertain whether certain bonds proposed to be issued by Caldwell County would be valid under the facts stated. The cause is submitted on an agreed statement of facts, under C. S., 626. There was a judgment of the Superior Court declaring "that the bonds described will be, when executed and issued, a valid and binding obligation of Caldwell County," from which the plaintiff appealed.

*Hunter Martin for appellant.*
*Newland & Townsend and Siler & Barber for appellees.*

PER CURIAM. On the agreed statement of facts it appears that the plaintiff holds a note duly issued by the defendant county for the sum of $35,000, representing funds procured by said county from the plaintiff, a portion of which at least was used for paying the ordinary expenses of the county, and not used for a special purpose within the meaning of Art. V, sec. 6, of the Constitution, and that the plaintiff has agreed to accept in settlement of said note bonds to be issued pursuant to a resolution passed by the board of commissioners, "provided the same be a valid obligation of the county and one for which the defendant has a legal right to levy and impose sufficient taxes for the payment of the interest provided, and the final liquidation and payment of said bonds," and "If the bonds issued under the provisions of said resolution be a valid and binding obligation of the county of Caldwell, North Carolina, the plaintiff agrees to accept the same in settlement of his claim; otherwise, he declines to accept the same."

It is apparent that there is no "question in difference" (C. S., 626) between the parties to this proceeding. Both sides are asking for the

same thing and everybody is interested in the same kind of judgment. The proceeding in reality is one to obtain the advice and opinion of this Court and no more. We are only asked to say whether the bonds proposed to be issued would be, when issued, good or bad upon the facts agreed. While we do not declare that bonds issued in accordance with the resolution set forth in the agreed facts would not be a binding obligation upon the county, we must dismiss the proceeding for want of a real controversy. *Burton v. Realty Co.,* 188 N. C., 473, and cases there cited.

We dismiss the proceeding, rather than the appeal, because of the judgment below, which we think is void for the want of jurisdiction in the Superior Court to enter it.

Proceeding dismissed.